## PARRAMORE v. TAYLOR.

### (Circuit Court, D. Connecticut. January 16, 1901.)

#### No. 1,014.

PATENT—HOSE SUPPORTER—INFRINGEMENT.

The Parramore patent, No. 629,391, to provide an improved construction designed to enable a skirt to be clasped around the corset by means of hangers without affecting the hose supporter, must be limited to the means illustrated in the specifications, or its equivalent, and thus limited is not infringed.

James A. Hudson, for complainant.
F. W. Smith, Jr., for defendant.

TOWNSEND, District Judge. Final hearing on bill and answer raising questions of validity and infringement of the first and second claims of complainant's patent, No. 629,391, granted July 25, 1899, to Reddin W. Parramore, for a hose supporter. One of the objects of the invention, as stated by the patentee, "is to provide an improved construction especially designed to be connected with a stud or clasp of the corset, thus dispensing with the use of safety pins and other

attaching devices, which have been found injurious to the corset, and enabling a tight-fitting skirt to be clasped around the corset without hindrance from the hose supporter." This object is accomplished by means of a hanger "consisting of a fabric body and a metallic hanger piece," which "is formed with an elongated loop or eye, 8, which extends from the center of the upper convex edge thereof." He adds:

"To use my improved hose supporter, the eye or loop, 8, of the hanger is fitted to the stud, 20, after which the corset clasp is closed over the eye or loop and connected to the stud, thereby attaching the hanger, 5, to the corset in a manner to prevent the hanger from being disengaged accidentally from the corset."

This type of stocking supporter is old, and has been produced in a great variety of forms. Defendant had made such supporters prior to complainant's alleged invention, which only differed therefrom in putting two hooks on the hanger, to be attached to eyes, to be provided near the middle of the corset, just as the eyelets in complainant's hanger, which "enabled the hanger to be connected to studs especially provided on a corset of large size.". Defendant had also made such supporters identical with those of complainant, except that they were attached to the corset by a belt instead of a hook. The patentee was the first to design a complete, detachable device which sustained both stockings from a single existing point of support on the corset. Whether it involved invention to thus dispense with corset attachments; to provide a construction which involved the same operation as any one may perform when he loses a button from a garment, namely, to hitch it on to some existing substitute; whether this was anything more than an improvement in degree or finish,—are close and interesting questions, which may perhaps be answered in the affirmative.

The first claim is as follows:

"(1) A stocking supporter consisting of the duplicate suspension tapes or elastics, and a single hanger to which the upper ends of the tapes or elastics are connected, said hanger being provided with an eye or loop adapted to be detachably engaged with the stud of a corset clasp, substantially as described."

Defendant uses a patented "Combined corset steel lock and garment supporting hook," in the shape of an anchor, having no "eye or loop adapted to be detachably engaged with the stud of a corset clasp," and therefore he does not infringe the first claim.

The second claim is as follows:

"(2) A stocking supporter consisting of the duplicate stocking-engaged members, and means for permanently uniting the two members at their upper ends, said means being in the form of a hanger piece which is adapted to be engaged with the corset at the point where the sections of the corset meet, substantially as described."

Does defendant infringe said second claim? Counsel for complainant contends that the patent "should be construed to cover any form of attaching device adapted to engage with any part of the clasping device." But such a broad construction would be manifestly invalid. All complainant can claim is the means illustrated in the drawings and described in the specification, or its equivalent. Defendant's

anchor is not the equivalent of complainant's means substantially as described, because: (1) It is not a "loop or eye." (2) It is not "fitted to the stud, after which the corset clasp is closed over the eye or loop." It is only capable of use on the clasp after its engagement with the stud. (3) It does not "prevent the hanger from being disengaged accidentally from the corset." Its distinct function is to lock stud and clasp together after engagement, but it is not itself locked or held in place save by the strain of the supporter.

These conclusions dispense with the necessity of discussing the other defenses. Let the bill be dismissed.