## PARRAMORE v. TAYLOR.

(Circuit Court of Appeals, Second Circuit. March 10, 1902.)

### No. 31.

PATENTS—STOCKING SUPPORTER—INFRINGEMENT.
 The Parramore patent, No. 629,391, for a new stocking supporter to be used in connection with corsets, and having as its main and novel feature a single connection with a stud or clasp of the corset, thus dispensing with all other means of attachment thereto, *held* infringed.

Appeal from the Circuit Court of the United States for the District of Connecticut.

Appeal from decree of the circuit court for the district of Connecticut (105 Fed. 965), which dismissed a bill in equity for the infringement of letters patent 629,391, granted to the complainant July 25, 1899, for a new stocking supporter.

Edwin H. Brown, for appellant.

J. Edgar Bull, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. The invention was a stocking supporter to be used in connection with corsets, and its main and novel feature was a single connection with a stud or clasp of the corset, thus dispensing with all other means of attachment thereto. Tapes or elastics at the end of two members, called "suspension elastics," engaged with the upper edges of stockings. The upper ends of these suspension elastics were connected to a "hanger," which was a device consisting of a fabric body and a metal hanger piece formed with an elongated loop or eye, and "adapted to be fitted to the lowermost stud of the series of studs forming a part of the clasp of an ordinary corset." Before the date of the invention, stocking supporters were in use which were fastened to the corset by buttons or hooks upon the corset engaging with buttonholes or other devices at the top of the elastics, but attached to two points on the corset. The Lennon supporter, patented June 21, 1898, had two supporters connected by a cross strap. The device was attached to the corset by two catches, which engaged

loops or rings upon the corset. The patented device was "the first to design a complete detachable device, which sustained both stockings from a single existing point of support on the corset," and, notwithstanding the apparent simplicity of the improvement, the record discloses the labor and experiments required to produce a patentable supporter fastened to the front of the corset by a single point of support on the corset, and the inventive character of the device is made apparent despite first impressions as to triviality. Its novelty and utility "in its limited field" are manifest.

The two claims which are said to have been infringed are as follows:

"(1) A stocking supporter consisting of the duplicate suspension tapes or elastics, and a single hanger to which the upper ends of the tapes or elastics are connected, said hanger being provided with an eye or loop adapted to be detachably engaged with the stud of a corset clasp, substantially as described. (2) A stocking supporter consisting of the duplicate stocking engaged members, and means for permanently uniting the two members at their upper ends, said means being in the form of a hanger piece, which is adapted to be engaged with the corset at the point where the sections of the corset meet, substantially as described."

The defendant's supporter is a substantial copy of the patented device, with the exception of the eye of the hanger. This hanger piece is in the form of an anchor, which is slipped over the top edges of the two parts of the corset clasp. The anchor is "inserted after the corset is fastened, between the abutting edges of the corset, with its two arms extending behind those edges. When drawn downward, there is thus formed a lock for the corset, which prevents its unfastening." It does not directly engage with the stud of the corset, but does engage indirectly, because the stud of the clasp holds the two parts together, and the anchor is anchored between the two abutting edges of the corset. A difference between the two structures is that in the defendant's clasp the hanger does not engage with the corset clasp until after the two parts of the clasp are fastened together, whereas by the patent the loop of the hanger piece engages with the stud before the corset is clasped.

The circuit court was of opinion that there was no infringement of either claim because the defendant's supporter had no eye or loop adapted to be detachably engaged with the stud of a corset clasp, and that his means for permanently uniting the two members of a duplicate stocking supporter were not the described means of the patent. It seems to us that the circuit court limited the claims too strictly to form, and that the defendant's anchor is a loop which performs the functions of the loop of the patent in substantially the same way, and is, in fact, detachably engaged with the stud of the corset clasp, and that the anchor is the equivalent of the described means of claim 2 for permanently uniting the two members of the supporter at their upper ends, and is in the substantial form of the patented hanger piece adapted to be engaged, and, in fact, engaged, with the corset at the point where the sections of the corset meet.

The decree of the circuit court is reversed, with costs of this court, and the cause is remanded to the circuit court, with instructions to enter a decree in accordance with the foregoing opinion.