PARRAMORE et al. v. STEIN et al.

(Circuit Court, N. D. Illinois, N. D. July 15, 1903.)

No. 25,373.

1. PATENTS—ANTICIPATION—STOCKING SUPPORTERS.

The Parramore patent, No. 629,391, claims 1, 2, and 3, for a stocking supporter, consisting of duplicate suspension tapes and a single hanger adapted to be detachably fastened to the front of the corset, are void for anticipation in the prior art, and especially by the Banfield patent, No. 197,587, and the Andrews patent, No. 550,551.

In Equity. Suit for infringement of letters patent No. 629,391 for a stocking supporter, granted to Reddin W. Parramore, July 25, 1899. On final hearing.

Louis C. Raegener and Wm. O. Belt, for complainants.
Pierce & Fisher, for defendants.

KOHLSAAT, District Judge. The bill in this case was filed November 17, 1899, to restrain infringement of claims 1, 2, and 3 of patent No. 629,391, issued July 25, 1899. Claim 1 is for a stocking supporter having a single hanger which is provided with an eye or loop, adapted to be detachably engaged with the stud of a corset clasp, together with duplicate suspension tapes which are connected at the upper end with the hanger. Claim 2 is substantially the same as claim 1, except that it is not limited to an engagement with a corset clasp, but does provide that such engagement shall be at the point where the sections of the corset meet. Claim 3 provides that the means for connecting the tapes to the corset shall consist of a fabric body and a metallic hanger piece united to said body, and having a central loop prolonged beyond the fabric body, which engages with the stud of the corset. The patent was involved in Parramore v. Taylor (C. C. A., 2d Circuit) 114 Fed. 97, 52 C. C. A. 45, and sustained. In a later suit by Parramore v. Cohn (C. C.) 116 Fed. 1022, in the Southern District of New York, an injunction was obtained, but the suit was

settled before final hearing. Ordinarily these decrees would be deemed very persuasive by this court in this case, since infringement is not seriously denied. Practically the only feature of the patent in suit not employed in defendants' device is the metallic hanger piece, the latter having only an eye and a slot used in connecting the fabric body therewith.

Defendants insist, first, that the finding of the Second Circuit Court was not fairly sustained by the evidence; secondly, that the case was not well presented to the court; thirdly, that new evidence found in the prior art and elsewhere, now presented, places the matter in a different light. The patent is for a hose supporter, and nothing more. The requirement that it shall be adapted to be detachably engaged with the corset stud, or with the corset at the point where the corset sections meet, is merely descriptive. Evidently, from the claims, a supporter, described as adapted to be detachably engaged with any part of the corset, if a duplicate of complainant's device, would be just as much of an infringement as is now claimed. Therefore we must, for the purpose of this inquiry, entirely disassociate the question of the place of use or application of the supporter of complainant from the article iself. A change in location or use cannot be patented. Walker on Patents, § 38.

The case of Parramore v. Cohn was decided upon the authority of Parramore v. Taylor. Certain additional alleged anticipating patents were cited, but were, it is claimed, not fully considered. Among those then before the court was the Andrews patent, No. 550,551 (1895), for an underwaist. The specifications and drawings disclosed a supporter detachably fitted upon a stud placed upon the side of a corset. The eye at the place of contact with the stud is practically identical with that of defendants' device, and adapted to be attached to a corset or any other stud. It has duplicate "stocking engaged members," and means for uniting these at their upper ends, and a fabric body, which is not like complainant's fabric body in shape. As in defendants' device, there is nothing, except perhaps the eye, corresponding to complainant's metallic hanger. In the Cohn Case there was no proof of actual use of supporters of the Andrews type at the front of the corset, whereas in this case several witnesses have testified that they have worn supporters like those shown in Andrews' patent attached to the front studs of their corsets, and have found them satisfactory.

There was also before the court in the Cohn Case the Banfield patent No. 197,587 (1877), for a stocking supporter consisting of duplicate suspension tapes and a hanger piece in the shape of a loop for permanently uniting the two tapes at their upper end, and having an eye or ring adapted to engage in hook or button on any part of the waist. Complainants' expert (X-Q. 25) says that if the fabric body were omitted from complainants' supporter, and if the tapes were in a single piece, and merely run through the slot at the bottom of the metal eye, there still remaining duplicate stocking supporters, he should regard such construction as falling within claims 1 and 2 of the patent. It is difficult to see in what manner the supporter described in X-Q. 25, above, differs from that of the Andrews & Banfield patents. If it

does not differ, of course claims 1 and 2 have been anticipated in the prior art. To divide the supporters from their upper to their lower ends is not new, but is shown in Harvey patent No. 463,050 (1891) and Sythes patent No. 512,670 (1894). These were not before the court in the Taylor suit.

The George patent, No. 208,387, for a stocking supporter, was also not cited to the Second Circuit Courts. This device shows triangular fabric pieces, from which the tape or strap supporters hang. It is not, however, adapted to be detachably fixed to a corset stud. The Gray patent, No. 224,899 (1880), for a shoulder and back brace, discloses a supporter which evidently is adapted to be detachably connected with a corset stud. The tapes are not, however, divided so near the upper end as to make them available for a single hanger front device for use on both stockings. The metal eye and its connection with the hanger are similar to defendants'. The Arthur & Gray patent, No. 369,678 (1887), includes a similar device for an eye and hanger and their means of attachment to each other. The Harvey patent, No. 463,050 (1892), covers a supporter the tapes of which are divided at a point near their upper end. This would permit of free leg action, but does not appear to be detachable from the waist piece. The Lennon patent, No. 606,064 (1898), for a combined retainer and stocking supporter, was considered by the Second Circuit Court in the cases above cited. It discloses a pair of supporters, depending from stud and loop clasps upon the front of the corset, thereby, as the inventor says, holding in the abdomen while supporting the hose. There is no single hanger, nor are the straps, though jointed by a crosspiece at the top, equivalent to a single hanger, as the bearing is from two points on the corset. The E. F. Young patent, No. 638,540 (1899), was before the Court of Appeals in the Taylor Case. It discloses an abdominal pad for suppressing the stomach from which the supporters depend.

From the foregoing citations, and other patents in evidence in the prior art, I find several material facts to be established: (1) That a stocking supporter adapted to be detachably connected with a stud on the corset is not new; (2) that such a supporter, with a single hanger, and adapted to such detachable use upon a fastened stud upon the corset, is not new; (3) that a supporter adapted to be detachably connected with the stud on any part of a corset is also adapted to be detachably connected with the fastener or stud of a corset at the place where the two sections of a corset meet; (4) that any hanger attached to the front of a corset will serve the purpose of depressing the abdomen; (5) that the hangers of the Gray, Andrews, Banfield, Shelby, No. 267,943 (1882), Arthur & Gray, Washburn, No. 561,460 (1896), are adapted to be so detachably connected with the corset; (6) that stocking engaged members of supporters with a hanger uniting same at their upper ends are not new; (7) that defendants' eye and slot connection with the hanger is old in the art; (8) that duplicate suspension tapes are also old in the art; (9) that, if complainants' device has patentable novelty, it must be found in their fabric body and metallic hanger piece and eye.

Complainants' design, as shown by the drawings, calls for a fabric body and hanger in which the upper ends of the tapes are separated

from each other, while having a common bearing. Patentee, however, reserves the right to change the proportion, size, etc., leaving him at liberty to duplicate the fabric hanger of the Andrews & Banfield patents. The metallic hanger piece or yoke of complainants' patent serves to hold the tapes apart. No advantage is claimed in the specifications for this feature. If, as claimed by complainants' expert in answer to X-Q. 25, the fabric body of complainants' patent is not essential to their claim, and if the duplicate supporting tapes might be found in a single piece and brought close together at the slot below the eye and still be within the patent, then, in my judgment, the Banfield & Andrews patents are clear anticipations. And such I am constrained to hold they are.

In the case of Parramore v. Taylor (C. C.) 105 Fed. 965, Judge Townsend found that the defendant's device did not infringe. On appeal to the Court of Appeals this finding was reversed. 114 Fed 97, 52 C. C. A. 45. The court, having before it a record far less complete than that now presented, says:

"The patented device was 'the first to design a complete detachable device, which sustained both stockings from a single existing point of support on the corset,' and, notwithstanding the apparent simplicity of the improvement, the record discloses the labor and experiments required to produce a patentable supporter fastened to the front of the corset by a single point of support on the corset, and the inventive character of the device is made apparent despite first impressions as to triviality. Its novelty and utility 'in its limited fields' are manifest."

As the record now stands, I cannot agree with this statement of the case. The court seems to decide the case upon the use to which the supporter was put rather than upon the device itself. That a supporter was never before used to support both stockings from the front of the corset does not, in my judgment, enter into this case. As shown above, there were prior patents which were and are capable of being detachably connected with a stud upon the front of the corset, and which complainants by their expert insist come within the terms of their patent in suit.

The bill must be dismissed for want of equity, and it is so ordered.