## LOWRIE v. H. A. MELDRUM CO.

### (Circuit Court, W. D. New York.    August 5, 1903.)

### No. 181.

1. PATENTS—INVENTION—NEW COMBINATION OF OLD ELEMENTS.

An arrangement of parts in combination so as to produce a new and useful result shows invention, although such parts separately were well known and in common use, where such combination, for the purpose intended, was not obvious to persons of ordinary mechanical skill.

2. SAME—CONSTRUCTION OF CLAIMS.

The effect of the words "substantially as described" in a claim of a patent is not to limit the claim to the precise construction shown in the specification, nor to deprive the patentee of the benefit of the doctrine of equivalents, where his invention is of a primary character.

3. SAME—INFRINGEMENT—GARMENT FASTENER.

The Steel patent, No. 652,407, for a garment fastener for attachment to a corset, and designed to hold down the skirt band and belt so as to give the waist an elongated appearance in front, was not anticipated, but the device performs a new function and shows invention. Claims 1 and 3 construed, and held infringed.

In Equity. Suit for infringement of letters patent No. 652,407, for a garment fastener, granted to Anna M. K. Steel June 26, 1900. On final hearing.

Brundage & Dudley (Frederick F. Church, of counsel), for complainant.

D. Frank Lloyd (Charles H. Brown, E. Hayward Fairbanks, and Harry Cobb Kennedy, of counsel), for defendant.

HAZEL, District Judge. The bill in this case charges infringement of patent No. 652,407, granted June 26, 1900, to Anna M. K. Steel, for a new and useful improvement in garment fasteners. The complainant is the owner of the patent, having acquired such ownership by an assignment which shows good title, and no substantial reason appears for rejecting the assignment because of faulty execution. The object and scope of the invention is to provide means for fastening women's wearing apparel. The device is specially designed to be secured to the front of the clothing, and to the corset, so as to prevent the skirt from raising or working upwards. The device, when in use, produces toward the front a sloping of the skirt band and belt, the effect of which will appear presently. It appears by the specification that the invention—

"Consists, essentially, of a garment fastener composed of a shank provided with means for its attachment to the fastening devices of the corset, and provided at its upper end with hooks located in position to engage with the upper edge of the skirt band, and with hooks located above the plane of the first hooks, and adapted to engage with the upper edge of the belt."

The involved claims are the first and third, which read as follows:

"(1) A garment fastener provided with means for its attachment to the fastening devices of a corset, and with two outwardly and downwardly extending hooks, each in a different plane, the one being adapted to engage with the upper edge of the skirt band, and the other with the upper edge of the belt, substantially as described."

¶ 1. See Patents, vol. 38, Cent. Dig. §§ 28, 29.

"(3) A garment fastener comprising a shank having means for its attachment to a corset, and provided with a row of outwardly and downwardly extending hooks projecting from lateral extensions on said shank, and with a second row of outwardly and downwardly extending hooks in a different plane from that of the first row, substantially as and for the purpose specified."

The specification substantially states that a single hook for the skirt band and a single hook for the belt are sufficient to perform the functions of the device. The use of double hooks, however, is preferred. The answer denies complainant's title to the patent in suit, sets forth noninfringement, want of novelty, and anticipation.

The patented device consists of a shank or narrow metal plate provided longitudinally with a series of apertures or stud slots. When the garment fastener is secured or clamped to the ordinary corset stud, it fits closely to the corset, extending upwards from the band where the plate or shank is attached. The shank at the upper end has preferably two sets of hooks on different planes, one set above the other, each extending laterally from the shank. The hooks extend forwardly and downwardly so as to facilitate holding the top of the skirt underneath the lower set of hooks, and the belt underneath the upper set. Such an arrangement of the garment or skirt prevents ruffling, holds the same snugly in a predetermined position, prevents the skirt or waist from working up, and tends to impart to the person of the wearer an extended waist. It is clear that the functional object of the patent is secured by the arrangement of hooks in different planes extending forwardly and downwardly, thus permitting an engagement of the skirt and belt, resulting in a waist band of the skirt being held down in front, and giving to the belt, which is held in place by the upper hooks over the waist band, a curvature which lends symmetry to the body. This result may be attained either by the use of two hooks, one above the other, or by rows of hooks in different alignments, one above the other. The various elements which contribute to the combination described in the specification, when separated, are not new. The combination of elements, however, consisting, first, of means for fastening the garment fastener to the corset, and, second, lateral hooks, on different planes, extending outwardly and downwardly, so adapted as to engage the skirt by a lower hook or hooks, and to engage the belt by an upper hook or hooks, is a new achievement, and seems to produce a new and useful result, never attained before. Such an arrangement of parts, though well known separately and in common use, has, nevertheless, evidence of invention, and is therefore entitled to protection from an infringer. Loom Co. v. Higgins, 105 U. S. 580, 26 L. Ed. 1177; Hailes v. Van Wormer, 20 Wall. 353, 22 L. Ed. 241; Hobbs v. Beach, 180 U. S. 383, 21 Sup. Ct. 409, 45 L. Ed. 586. In my opinion, none of the patents hereinafter referred to, and claimed to anticipate, produce a similar result, or perform the same functions.

The patent is attacked upon two principal grounds, to wit, its invalidity because of the prior art, and such limitations of claims 1 and 3 that defendant's device is not within its provisions. It is contended as to claim 1 that it must be limited to the use of two hooks extending outwardly and downwardly one above the other, and means for fastening the same to the corset studs; and claim 3, likewise, must

be restricted to a shank having upper and lower rows of hooks extending outwardly and downwardly on different planes, and projected laterally on said shank. An examination of the claims of the patent shows that claim 1 provides for means for attaching a garment fastener to two outwardly and downwardly extending hooks, each in a different plane. Claim 3 comprises a shank having means for securing same to the corset with two rows of outwardly and downwardly extending hooks on a different plane, and projecting laterally. The question of infringement or noninfringement must be decided by the restrictions which the prior art justifies placing upon the patent in suit. The antecedent patents chiefly relied upon are those of Towson, No. 189,154, dated April 3, 1877; design patent of Bunnell, No. 25,795, dated July 21, 1896; Morrow, No. 347,276, dated August 10, 1886; Sanders, No. 413,401, dated October 22, 1889; and Dunbar, No. 632,342, dated September 5, 1899. The Towson patent discloses a shank having apertures or slots suitable for fastening to the corset stud, and a hook at its upper end. The Morrow patent has a hook at the upper end of the plate, and a safety pin at the bottom. The Sanders patent is for a belt support. It consists of a shank (without apertures) having two hooks at its upper end, extending outwardly and downwardly on the same plane. The hooks are adapted to engage with the band or belt at its upper edge. Notwithstanding the shank and configuration of the hooks at the upper end, the device is impracticable for the precise uses for which the invention in suit was designed. Its chief purpose is to hold a belt ordinarily worn in athletic games, in position attached to the trousers, to prevent it from slipping upwards. The Bunnell design patent has a garment supporting buckle adapted to retain in position the skirt or shirt waist. The device differs essentially from that of complainant. It has a rectangular or horizontal bar which carries midway of its length an ornamental hook which may be used for supporting a belt or skirt. Its utility depends entirely upon its pleasing appearance, and not upon its construction. The Dunbar patent is for a skirt clasp. It has two members adapted to be fastened to opposite ends of the skirt band, and carrying in opposite directions vertical hooks. It will be noted that none of these patents have a construction such as the Steel patent, and therefore are unable to perform the same functions. The essential elements of complainant's patent is comprised in the particular configuration of the hooks, and hence must be considered from that standpoint, in connection with the prior art. The evidence shows that the method of arranging the skirt or waist and belt, as described in the specification, is owing to a prevalent fashion, which apparently decrees a peculiar lengthening or sloping appearance of the wearer's waist. Does the conception of the complainant produce this result, to the exclusion of garment fasteners of the prior art? This question, as already remarked, must be answered in the affirmative. As each claim of the patent in suit is enabled to perform a new function, which apparently is useful, as the court may well assume from the large sales of the patented device, it follows that such patent must be protected against an equivalent device which performs the same function. Stirrat et al. v.

Excelsior Mfg. Co., 61 Fed. 980, 10 C. C. A.. 216; Adam v. Folger (C. C. A.) 120 Fed. 260; Parramore v. Taylor, 114 Fed. 97, 52 C. C. A. 45. The limitations contained in the words "substantially as described," at the end of each claim in suit, cannot in this .case be given the legal effect contended for by counsel for defendant, who relied on the doctrine of Boyden Co. v. Westinghouse Co., 70 Fed. 816, 17 C. C. A. 430, and Mitchell v. Tilghman, 19 Wall. 287, 22 L. Ed. 125. The doctrine applicable to this contention must be limited and applied as the words of limitation above referred to are explained in the case of Hobbs v. Beach, supra. In the Hobbs Case the·implication is clear that, if the invention be a primary one, the patentee ought not to be restricted to the exact mechanism described. Under such circumstances he is entitled to the benefit of the doctrine of equivalents, notwithstanding the use of the limiting words "substantially as described." Morley Machine Co. v. Lancaster, 129 U. S. 263, 9 Sup. Ct. 299, 32 L. Ed. 715. Applying the doctrine of these cases to the case at bar, an infringement of complainant's device is apparent, although the device manufactured and sold by defendant is quite different in construction from that of complainant. Nevertheless it substantially embodies those features of the invention which differentiate the patent in suit from the known field. Defendant's garment fastener accomplishes the same result'as that of complainant. The substitution of a suitable narrow plate, with a safety pin at the lower end, to facilitate securing the same to the corset waist, for a shank having apertures to engage the corset studs, is immaterial. Defendant's device has two lower hooks (broader than those of complainant) to fasten the shirt waist or skirt band, and one at the upper to hold the belt in place. This arrangement produces precisely the same fastening effect as that of the invention in suit. Thus construing the scope of claims 1 and 3 of the Steel patent, it follows that the defendant's device is an infringement of them.

Complainant is entitled to a decree for injunction and accounting. Decree may be entered accordingly.