## YOUNG v. WOLFE.

### (Circuit Court of Appeals, Second Circuit. April 21, 1904.)

### No. 98.

1. PATENTS—VALIDITY AND INFRINGEMENT—ABDOMINAL PAD AND STOCKING SUPPORTER.

The Young patent, No. 638,540, for a combined abdominal pad and stocking supporter, was not anticipated, discloses patentable invention, and is not invalid for prior use; also *held* infringed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 120 Fed. 956.

This cause comes here on appeal from a decree of the United States Circuit Court for the Southern District of New York adjudicating the validity and infringement by defendant of patent No. 638,-540, granted to complainant December 5, 1899, for a hose supporter, and ordering an injunction and accounting.

J. P. Bartlett, for appellant.

C. C. Linthicum and J. J. Kennedy, for appellee.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

TOWNSEND, Circuit Judge. The defenses of insufficiency of the specification, anticipation, lack of patentability, and prior use were raised in the court below, and disposed of in an opinion which critically discusses the status of the patent and the material evidence relevant to said defenses. We fully concur with the court in its conclusions.

But it was strenuously argued on this appeal that certain prior patents, which were not referred to by the court below in its opinion, especially Minthorn patent No. 13,011, of 1855, Porter patent No. 99,347, of 1870, and the George patent No. 208,387, of 1878, which latter patent it is claimed was not argued and was overlooked by the court, are so "conspicuous in the anticipatory art" as to divest the patented article of all claim of patentable novelty.

The George patent describes and shows a hose supporter consisting of a waistband provided with "hip pieces composed of inelastic border strips, and elastic triangular shaped insertion pieces filling the space between the strips, said material being made elastic in order that when resting on the hips they" shall retain their places and adjust themselves comfortably to the varying exterior form of the

hips in all positions of the person. The patentee says that "hip pieces made of rigid and inelastic material will not, if fitted to the hips in one position, cover and fit the hips accurately and comfortably in any other position," but that:

"The central parts of the said hip pieces, by virtue of their elasticity, form pockets for the reception of the projecting part of the hip joints, and thus prevent the displacement of the stocking supporter, which, as hitherto constructed, has been very liable to become displaced and incommode the wearer."

The drawings show the openwork elastic hip pieces as described. The object of the patentee was thus to provide an elastic pocket adapted to receive "the projection of the hip joint," and to permit it to be thus prominently projected in order to hold the supporter in place.

The object of the patentee herein was to repress the prominence of the abdomen, and thus "maintain the abdominal viscera in proper position," by providing an inelastic pad "capable of effecting the repression of a particular part of the body." It was also designed to supersede the older type of abdominal belts, such as those in which the belt passes under the abdomen, and must therefore be always tight, and in which, when the wearer sits down, the tightness is increased, by providing a lever device which, when the wearer stands up, holds the stomach in and gives a straight-front effect, but which releases the pressure when the wearer sits down. In the absence of any contradicting expert testimony, the utility of this device in producing the results sought must be taken as proved. The essence of the invention was the provision of new means to accomplish a new result in a new way by a radical departure from the prior art. In these circumstances, the fact that the old George pocket of 1878 might be forced around to a position in which it might receive and hold the prominence of the abdomen instead of that of the hip bone is immaterial.

All that the Minthorn patent of 1855 showed was a stocking supporter suspended from a belt at a point so far below the abdomen as to leave the "viscera perfectly free in their action." The Porter patent of 1870 merely showed an arrangement of flaps to support a napkin. The suggestion that the clasps on the front of a corset, shown in patent No. 421,086 to Schmidt, could be attached to the Porter flaps, is so patently impracticable as not to require discussion.

An examination of other patents introduced by defendant confirms the conclusion of the court below that the Rogers patent is the nearest approach to the patent in suit, and that it does not anticipate, for the reasons stated by said court in its opinion.

The decree is affirmed, with costs.