## PARRAMORE v. SIEGEL-COOPER CO.

(Circuit Court of Appeals, Second Circuit. December 5, 1905.)

### No. 83.

PATENTS—INVENTION—STOCKING SUPPORTER.

The Parramore patent, No. 629,391, for a stocking supporter, claims 1 and 2, are void for lack of patentable invention in view of the prior art if not fully anticipated by the Andrews patent, No. 550,551.

Appeal from the Circuit Court of the United States for the Southern District of New York.

On appeal from a decree of the Circuit Court for the Southern District of New York adjudging claims 1 and 2 of patent No. 629,391, granted July 25, 1899, to R. W. Parramore, valid and infringed, and granting an injunction and an accounting. This court, Judges Wallace, Lacombe, and Shipman sitting, sustained the patent in suit in Parramore v. Taylor, reported in 114 Fed. 97, 52 C. C. A. 45. A writ of certiorari to review this decision was denied by the Supreme Court, 186 U. S. 484, 22 Sup. Ct. 944, 46 L. Ed. 1261. In Parramore v. Cohn (C. C.) 116 Fed. 1022, the Circuit Court held that the devices shown in the patents to Andrews and Banfield seemed no nearer to the patent in suit than those considered by this court in the Taylor Case. In Kleinart Rubber Co

v. Stein the Circuit Court of Appeals for the Seventh Circuit, 133 Fed. 230, 66 C. C. A. 282, decided that the Parramore patent was anticipated by the patent to Andrews (No. 550,551). A petition for a writ of certiorari to review this decision was denied by the Supreme Court, 196 U. S. 641, 25 Sup. Ct. 796, 49 L. Ed. 631.

J. Edgar Bull, for appellant.

Edwin H. Brown and Louis C. Raegener, for appellee.

Before WALLACE and COXE, Circuit Judges, and HOLT, District Judge.

COXE, Circuit Judge (after stating the facts). The decision of this court in Parramore v. Taylor, 114 Fed. 97, 52 C. C. A. 45, leaves open the single question whether claims 1 and 2 of the patent are invalidated by the references which are now presented for the first time to this court. These are the patent to J. D. Banfield, No. 197,587, granted November 27, 1877, for a stocking supporter, and the patent to J. C. Andrews, No. 550,551, granted November 26, 1895, for an underwaist. Both sides agree that the claims must be construed to cover a new article and not the new use of an old article; that patentability must be found in the mechanical construction of the device and not in the manner of its use; that if the claims simply cover the new use of an old supporter they are invalid, and that, speaking broadly, the so-called "pad" is not an element of the claims.

The construction placed upon these claims by the complainant in the Taylor suit was that they cover the supporter as an article complete in itself, adapted for a certain use and do not include a corset or any part thereof as an element. The expert in that suit contended that whether the supporter be used as described in the patent or with other connecting means the fact "has no bearing on the Parramore hose supporter as an invention." A person making, using, or selling the patented device would infringe, and he would not be permitted to escape on the plea that it was intended for use on an underwaist or a belt. It follows, as a necessary corollary that such a structure in the prior art will anticipate irrespective of its connection, use or lack of use.

Figure 1 of Banfield's patent shows a stocking supporter upon which claim one of the patent, if broadly construed, can be read. The exhibits show an operative device, which holds up the stockings and holds down the corset, having a single hanger provided with an eye or loop adapted to be detachably engaged with the stud of a corset clasp. That such a supporter combines actual utility with commercial success is demonstrated by the fact that Taylor, the defendant in the previous suit in this court, made and sold nearly 40,000 of, substantially, similar supporters. The defendant contends that Taylor accounted for these supporters before the master and that they were included in the settlement subsequently made. However this may be there can be no doubt that large numbers were sold, went into actual use and, presumably, worked successfully.

The Andrews device comes nearer than Banfield to a complete anticipation of the claims as the invention was understood by counsel, experts and court when the patent was here in the former suit. It is no longer

possible to say that Parramore was "the first to design a complete detachable device which sustained both stockings from a single existing point of support on the corset." Andrews describes and shows precisely such a device and though it does not appear that it sustained two stockings, that it is capable of doing so does not admit of doubt. The exhibits and the photographs of the supporter in actual use demonstrate this. Several witnesses who actually wore the Andrews device testified that there was no difference between it and the Parramore supporter in efficiency and comfort. Other witnesses for the complainant testified that the Andrews supporter did not operate successfully; that it was uncomfortable, ephemeral and clumsy. This situation is not unusual in patent causes. The defendant undertook to prove that the Banfield and Andrews supporters were the embodiment of perfection; the complainant that they were the embodiment of stupidity; and, as generally happens, both succeeded. The defects pointed out by the complainant's witnesses were of minor details, which could be remedied by a moderate display of common sense on the part of the wearer. But be this as it may the witnesses on both sides substituted these supporters for the "Hook-ons," previously used, and wore them for 10 and 12 days and in the meantime their stockings were held up, their corsets kept in place and, presumably, their "straight fronts" preserved.

It may be admitted that the Parramore device is more perfect in structure, possesses more "selling points" and is more satisfactory in use than is the Andrews device, but that is not the question in issue. Many of these improvements were not new with Parramore and it is not pretended that he is entitled to them. The Andrews supporter shows all the elements of the first claim including the hanger, though the latter differs in shape from that shown in Parramore's drawings, and the testimony cannot be disputed that the Andrews supporter is adapted to do, and does do, precisely what the patented device does, though in a less perfect and artistic manner. It may be that the Andrews device strictly speaking is not an anticipation, but we have no doubt that its addition to the proof so limits the field of invention as to invalidate the claims involved for lack of patentability.

We agree with the conclusion reached by the Circuit Court of Appeals of the Seventh Circuit in the Stein Case, and are convinced that this court would have reached a similar conclusion in the Taylor Case had the records been the same.

The decree of the Circuit Court is reversed with costs and the cause is remanded to the Circuit Court with directions to dismiss the bill.

HOLT, District Judge, concurs in result.