FOSTER HOSE SUPPORTER CO. v. O'BRIEN.

(Circuit Court, D. Massachusetts. May 7, 1907.)

No. 193.

PATENTS—ANTICIPATION—ABDOMINAL PAD AND HOSE SUPPORTER.

The Young patent, No. 638,540, for a combined abdominal pad and hose supporter, the prominent feature of which is a pad to depress the most prominent portion of the abdomen of the wearer, and aid in producing a proper carriage of the body, was not anticipated by the O'Byrne design patent, No. 29,777, for a hose supporter, nor by anything shown in the prior art and discloses patentable invention. Also *held* infringed as to claim 1.

In Equity.

Philipp, Sawyer, Rice & Kennedy and J. J. Kennedy, for complainant.

Emery & Booth and Charles S. Jones, for defendant.

BROWN, District Judge. This suit is for infringement of letters patent No. 638,540, granted December 5, 1899, on an application filed October 19, 1897, by Ella Foster Young. The specification describes the object of the invention:

"My invention relates to combined abdominal pads and hose-supporters, and has for its object to provide a device of this character which will serve not only to support the hose in an efficient manner and in such a way as to avoid objections attendant upon hose-supporters as heretofore constructed, but will also serve to aid in producing a proper carriage of the body of the wearer and in maintaining the abdominal viscera in proper position."

Claim 1 only is in suit:

"1. In a combined abdominal pad and hose-supporter, the combination with a flat abdominal pad having a continuous integral body with a smooth unbroken bearing or contact surface and of a size about equal to that of the upper central portion of the hypogastric region, of supports attached to said pad at its upper edge and hose-supporting straps attached to the lower edge of said pad, whereby in use strain is applied to said pad in substantially vertical lines and the pressure is localized, substantially as described."

The patent has been sustained in the Second Circuit. Young v. Wolfe (C. C.) 120 Fed. 956, affirmed on appeal, 130 Fed. 891, 65 C. C. A. 199.

What seems to be new matter is the O'Byrne design patent No. 29,-777, dated December 6, 1898. If the patent in suit were to be regarded merely as for a hose supporter, the O'Byrne patent might

be of importance; but clearly the patent in suit, upon any proper construction, cannot be regarded as for a mere hose supporter, since it is for a device specially designed to perform functions additional to hose support, namely, to depress the most prominent portion of the abdomen and aid in producing a proper carriage of the body. There is no suggestion in the O'Byrne patent of the performance of this function; and the cutting away of the central portion of the belt to which the hose-supporting straps are attached makes the O'Byrne device unsuitable to perform the function of depressing the prominent portion of the abdomen and devoid of any suggestion to this effect. It lacks the abdominal pad which is the important element of the patent in suit.

The defendant also introduces a number of patents showing devices for supporting the hose at the sides: Andrews, No. 550,551, November 26, 1895; Banfield, No. 197,587, November 27, 1877; Fraser, No. 178,272, June 6, 1876; George, No. 208,387, September 24, 1878. The George patent was before the courts of the Second Circuit, as were the patents to Stiger, No. 106,885, Minthorn, No. 13,-011, and Schmidt, No. 421,086. As to the Fraser, Banfield, and George devices, which have enlargements of the belt over the hips for the purpose of distributing the strain of the hose-supporting straps, it is now argued that no change is required other than to remove one of the hip pads and the attached supporting straps, and to place the other in the front so that it will hold up both stockings instead of one, and that such reshaping as might be required would involve nothing beyond the mere skill of a dressmaker.

The idea of employing the strain of the hose supporter for the purpose of effecting a depression of the abdomen, and of thus improving the appearance of the wearer, was not involved in any of these devices, and none of these devices suggested a proper construction for the embodiment of such an idea. It is conceded that the George, Frazer, and Banfield devices would require, not only to be transferred from the side to the front, but also reconstruction and reshaping, in order to perform the new function; and this is a sufficient answer to the defendant's contention that the patent is merely for a double use of any of these devices of the prior art.

The defendant further contends that the decision of the Circuit Court of Appeals for the Second Circuit in Parramore v. Siegel-Cooper Co., 143 Fed. 516, 74 C. C. A. 386, is indicative of such a complete change of opinion of that court as to amount to a reversal of its opinion in Young v. Wolfe, 130 Fed. 891, 65 C. C. A. 199. This contention is clearly not well founded.

Reference is made also to the decision of the Circuit Court of Appeals of the Seventh Circuit in I. B. Kleinart Rubber Co. v. Stein, 133 Fed. 288, 66 C. C. A. 282, wherein the Parramore device was involved. Assuming it to be correctly held by the Circuit Court of Appeals of the Seventh Circuit that the transfer of an old detachable hose supporter from the side to the front did not constitute invention, even though, by such transfer, the effect of pressing in the abdomen was produced, and giving due consideration to the following

language of the learned court (page 231 of 133 Fed., page 285 of 66 C. C. A.):

"Straight fronts, in the figure of women, having come into vogue, it appears to us to have been but the ordinary and natural exercise of common sense to have brought the hose supporter from the side to the front. Patentability cannot be decreed to every little shift that a woman may make in the arrangement of her garments, or the location of the means through which such arrangements are effected,"

—it must yet be held that the decision does not avail the defendant for the reason that the present case shows no device in the prior art which, merely by transfer from one position to another, is capable of performing practically the functions of the Young device. In the decision in the Circuit Court by Judge Kohlsaat (Parramore v. Stein [C. C.] 125 Fed. 19) the Parramore patent was regarded as for a hose supporter and nothing more. He distinguishes the Young patent in suit, saying:

"It discloses an abdominal pad for suppressing the stomach from which the supporters depend."

The use of a pad for the mere purpose of support is not analogous to the use of a pad for the purpose of improving the carriage of the female figure. To use the pull of the hose supporters at a particular place, in which heretofore it had not been used, with so remote an object and with so nonanalogous a purpose as the effecting a change in the figure, was a thought not suggested by any of the devices of the prior art, and which required the construction of special apparatus.

The inventor of the O'Byrne device deemed it undesirable to do what the patentee of the patent in suit desired to do. This is an indication that the patentee's idea was not obvious. Judge Coxe, in Young v. Wolfe (C. C.) 120 Fed. 956, 958, refers to the fact that the examiners in chief carefully considered the matter, saying:

"In the Rogers device there are no supporters at the upper edge of the pad, and the strain is exerted in lateral or horizontal lines, instead of in a vertical direction. The use of the hose supporting feature in the Rogers device is purely incidental, as is shown by the statement on page 1, lines 65 to 68, of the patent, while in the applicant's device the strain produced by the tension on the hose supporters is relied upon to produce the results desired."

The Circuit Court of Appeals of the Second Circuit, in Young v. Wolfe, 130 Fed. 891, 892, 65 C. C. A. 199, 200, said:

"The essence of the invention was the provision of new means to accomplish a new result in a new way by a radical departure from the prior art. In these circumstances, the fact that the old George pocket of 1878 might be forced around to a position in which it might receive and hold the prominence of the abdomen instead of that of the hip bone is immaterial."

This clearly meets all of the defendant's defenses except that based upon the O'Byrne design patent. It clearly appears that the court passed adversely upon one of the principal contentions of the defendant in this case; that it gave proper effect to that function which the patentee insists upon as a novel function, and held that the patentee's means were new. I fully concur in these views of the learned court.

The complainant, to show that the decision of the Circuit Court of Appeals for the Second Circuit in the Parramore Case, 143 Fed. 516, 74 C. C. A. 386, was not regarded in the Second Circuit as inconsistent with the opinion sustaining the Young patent, refers to the later decisions by Judge Lacombe in Foster Hose Supporter Co. v. Mayper, January 9, 1905 (no opinion), and by Judge Thomas in Foster Hose Supporter Co. v. Cohen. (C. C.) 148 Fed. 92, July 16, 1906, granting motions for preliminary injunctions against infringement of the patent in suit. The defendant clearly infringes claim 1 of the patent in suit.

A decree for the complainant may be entered accordingly.