## O'BRIEN v. FOSTER HOSE SUPPORTER CO.

(Circuit Court of Appeals, First Circuit. December 9, 1907.)

### No. 741.

1. PATENTS—ANTICIPATION AND INFRINGEMENT—ABDOMINAL PAD AND HOSE SUPPORTER.

   The Young patent, No. 638,540, for a combined abdominal pad and hose supporter, was not anticipated and discloses invention; also *held* infringed.

2. SAME.

   In accordance with the practice in this circuit, the decision of the Circuit Court of Appeals in Young v. Wolfe, 130 Fed. 891, 65 C. C. A. 199, followed.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

For opinion below, see 153 Fed. 585.

Frederick L. Emery (Charles S. Jones, on the brief), for appellant.
J. J. Kennedy (M. B. Philipp, on the brief), for appellee.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. This is an appeal from an interlocutory decree of the Circuit Court, directing an injunction and an accounting by reason of the infringement of the first claim of patent issued to Ella Foster Young on December 5, 1899, No. 638,540, on an application filed on October 19, 1897. There are two claims in the patent, but the second one is not involved in this litigation. The specification describes the invention as relating to efficient abdominal pads and hose supporters, having for its object, not only to support the hose in an efficient manner, but also to aid in producing a proper carriage of the body of the wearer, and maintaining the abdominal viscera in proper position. The claim in issue is as follows:

"1. In a combined abdominal pad and hose supporter, the combination with a flat abdominal pad having a continuous integral body with a smooth unbroken bearing or contact surface and of a size about equal to that of the upper central portion of the hypogastric region, of supports attached to said pad at its upper edge and hose-supporting straps attached to the lower edge of said pad, whereby in use strain is applied to said pad in substantially verticle lines and the pressure is localized, substantially as described."

The general facts are sufficiently stated in the opinion of the learned judge of the Circuit Court. The only substantial issue seems to be that of patentability; and, in conclusion of its argument at bar, the appellant puts its position with reference to this as follows:

"The single claim in suit is absolutely void of patentable novelty in view of the prior patents to Banfield, Fraser, and George, and also in view of the conceded earlier supporter referred to by both experts and mentioned in the Fraser and George patents."

As to the general topic of patentable invention, we refer to Young v. Wolfe, 130 Fed. 891, 65 C. C. A. 199, decided by the Circuit Court of Appeals for the Second Circuit on April 21, 1904. Apparently the case should have been entitled Wolfe v. Young, but this is of no consequence. This determined that each claim in the patent in suit covered what was invention. In accordance with our usual custom of yielding to decisions of the Circuit Courts of Appeals of other circuits, we perceive no reason why we should not follow this one. Therefore the only question left for our investigation is that of anticipation, and we open that only so far as it appears that alleged anticipations are shown to us which were not shown to the Circuit Court of Appeals in the Second Circuit. The George patent, referred to by the appellant, was especially considered in Young v. Wolfe; but it does not appear that the Banfield or Fraser patents were shown in that litigation. The Banfield, Fraser, and George patents alike were limited to stocking supporters, and the bearings in each case were on the hips. They come within the rule, which has been reiterated again and again, that an alleged infringer is far from maintaining anticipation by showing what more or less approximates the patented article, but which, nevertheless, requires to be readjusted so as to accomplish a new purpose before it can come into the same field with it.

The claim is also made, as explained by the learned judge of the Circuit Court, that the Circuit Court of Appeals for the Second Circuit overruled itself by its decision in Parramore v. Siegel-Cooper Co., 143 Fed. 516, 74 C. C. A. 386, with the concurrence therein of the Circuit Court of Appeals of the Seventh Circuit in Kleinert Rubber Co. v. Stein, 133 Fed. 228, 66 C. C. A. 282; but the learned judge of the Circuit Court was correct in not accepting this proposition. The later cases referred to did not involve the patent before us, so that the issue was not the same; and, the questions in each case being mainly questions of fact, it far from follows that one case overrules the other on account of apparently inconsistent expressions in dealing with details. Having considered the respective decisions, we do not doubt that Young v. Wolfe still stands unaffected.

On the question of infringement, we cannot hold that the Circuit Court was in error. The patent calls for a pull in a certain direction, which

direction is not mathematically vertical, but, by the terms of the claim, only substantially so. The appellant alleges that the pad of the patent in suit is rectangular; but it is not so shown, nor is there any requirement that it should be strictly so. He also claims that his pad is triangular; but it is not so as shown in his drawings. It is in the form of a perpendicular section of a truncated cone. Each may more or less approximate a rectangular form without either of them becoming a proper parallelogram. Each of them gives the pad an up and down pull, which is all that the claim in suit requires.

The decree of the Circuit Court is affirmed, and the appellee recovers its costs of appeal.