## GOOD FORM MFG. CO. v. WHITE.

(Circuit Court of Appeals, Second Circuit.   February 11, 1908.)

### No. 141.

PATENTS—VALIDITY AND INFRINGEMENT—NECKTIE.

The Davies patent, No. 605,947, for a necktie, although of narrow scope discloses invention, and is valid;   also *held* infringed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

On appeal from a decree of the Circuit Court, entered May 14, 1907, dismissing the bill, which was filed for the infringement of letters patent No. 605,947 granted to Charles W. Davies for an improvement in neckties.   The opinion below is reported in 153 Fed. 759.

Baxter Morton, for appellant.
J. E. Hindon Hyde, for appellee.
Before COXE, WARD, and NOYES, Circuit Judges.

PER CURIAM. A clear and careful description of the Davies patent and of the prior art will be found in the opinion of the Circuit Court. This need not be repeated here. The judge was in doubt upon the question of invention; but, conceding patentability, he was of the opinion that the claim should be limited to the precise structure described and shown.

The invention is one of minor importance, having for its object the improvement in appearance and fit of an article of wearing apparel. It belongs generally to that class of inventions which this court considered and sustained in Frost Co. v. Cohn, 119 Fed. 505, 56 C. C. A. 185, Young v. Wolfe (C. C.) 120 Fed. 956, and Parramore v. Taylor, 114 Fed. 97, 52 C. C. A. 45. The testimony convinces us that prior to the invention of Davies there was serious difficulty in keeping the necktie in place when a standing collar was used. The tie was apt to move laterally and rise on the collar, and when tied tight enough to prevent these movements the bow was unsymmetrical and presented a slovenly appearance generally. That these defects were appreciated, and that an earnest effort was made to remedy them for more than ten years prior to the patent, is shown by the record. Various expedients for anchoring on the collar before and behind were tried, but they all possessed defects from which the Davies method is free. The device shown in the patents referred to in the opinion of the Circuit Court fell far short of remedying the defects.

The patent upon which, perhaps, principal reliance is based, was granted to Jacob Hirshfeld for an outing belt. The patent describes, and the drawings show, an ordinary cloth belt provided with a two-part clasp and a sash stitched to the belt about one-third of its length by parallel lines of stitches. The belt is intended for use by women when engaged in outdoor sports; the sash being tied into a bow knot and worn at the back, as shown in the drawings. The specification states that after the bow has been formed the belt may be removed or arranged in position without disturbing the knot. Even though this structure were reduced to the size of an ordinary necktie, it is manifest that it could not be used to accomplish the results of the Davies invention, for the reason that it would not prevent either vertical or lateral movement. Though belonging to a limited field and dealing with subordinate improvements, we are of the opinion that the features added by Davies produced an advance in the art which required a higher grade of ability than can be attributed to the skill of the calling. Although it is true that the patentee encountered great difficulty in the Patent Office, his claims being rejected over and over again, yet we are unable to see that the proceedings there require a construction of the claim which will enable the defendant to escape the charge of infringement.

The defendant's tie contains every element of the claim, except that the connections are not elastic, buttonholes have been substituted for rings, and a different method of fastening the connection to the inner face of the band has been adopted. But these are changes not affecting the essence of the invention, which is found unaltered in the defendant's device. The complainant's expert, after comparing the de-

fendant's tie with the claim, reached the conclusion, in which we think he is correct, that "the claim, taken element by element and feature by feature, reads squarely upon the defendant's tie." The questions involved are not entirely free from doubt, but we think the doubt should be resolved in favor of the patent.

It follows that the decree must be reversed, with costs, and the cause remanded to the Circuit Court, with instructions to enter the usual decree for the complainant.