### SWEET v. LAUTERBACH.

(District Court, S. D. New York. January 23, 1912.)

PATENTS (§ 328*)—INVENTION—TROUSERS AND BELT FASTENERS.

The Noetzel patent, No. 871,884, for trousers and belt fasteners, consisting of a small vertical loop on the front of the waistband of the trousers to receive the buckle tongue before it is made to engage the other end of the belt, in view of the prior art, is void for lack of patentable invention.

In Equity. Suit by Clinton W. Sweet against William Lauterbach. On final hearing. Decree for defendant.

Gifford & Bull (Charles S. Jones, of counsel), for plaintiff.

Hoadly, Lauterbach & Johnson (Eugene Treadwell, of counsel), for defendant.

HAZEL, District Judge. The Noetzel patent, No. 871,884, relates to trousers and belt fasteners. The only novelty claimed resides in a small loop on the front of the trousers to "receive the buckle tongue before it is made to engage the other end of the belt." There are two claims. The first is for a pair of trousers having attached to the waistband in front a vertical loop adapted to be engaged with the tongue of a belt buckle; and the second is for a combination with the belt of the trousers having a small vertical loop attached.

There are many prior patents in evidence illustrating the use of a loop of cloth located on different parts of a garment and extending in various directions, and there are also prior patents which show the

utilization of loops in connection with a belt buckle tongue. Indeed, the idea of adapting a loop in one form or another to trousers was not new. Long prior to the patent in suit it was familiar practice to attach a short loop or tab to various kinds of wearing apparel, for example, on the neckband of the shirt, to keep the necktie from slipping upward, on the bottom of the shirt bosom, to be attached to a button to keep the shirt from wrinkling, and on underwear, to hold it in convenient position by looping over buttons; and it was customary to have a number of loops placed vertically around the waistband of trousers, such loops being placed apart from each other to hold the belt in place. The patents to Blondheim, Davis, Wagner, Ellery, and Walton show loops made of sheet metal, cloth, or other material, and which are adapted to be stitched to the trousers, to clasp or hold a buckle, or the tongue of a buckle, or an undergarment, etc.

In view of such prior disclosures, was it invention to adapt a small loop of cloth, vertically arranged in the waistband seam, to engage the tongue of the belt to hold together the belt and trousers? The ordinary belt loops around the waistband, as distinguished from the small loop of the claims in suit, were common devices for passing the belt through to hold fast the trousers. It was not, in my judgment, invention, within the meaning of the patent law, to add an additional loop of smaller size to the waistband at the fly in which to insert the tongue of the buckle. Certainly, with the prior art before him, and with all the diversity of loop uses, the complainant's innovation did not require the exercise of invention. That the small loop of cloth had never before been positioned on the trousers for the purpose of holding the buckle in place is not of material importance. To add this to the loops already placed around the waistband of trousers to hold together the belt and the trousers did not come up to the dignity of invention. If it really was a "good thing," its employment was due merely to mechanical expediency.

The complainant, citing Good Form Mfg. Co. v. White, 160 Fed. 661, 87 C. C. A. 549, urges the application of the principle there announced. In that case there was testimony which convinced the Circuit Court of Appeals that before the invention of Davies "there was serious difficulty in keeping the necktie in place when a standing collar was used," and that the patent remedied such defect. The proofs here do not convince me that there was any serious difficulty in keeping the belt and its buckle in place without the small loop, or in keeping the belt from sagging. The loops at the back, and at the sides, and around the belt were sufficient to hold the entire belt. To simply add to the belt in front a loop for the tongue of the buckle, though perhaps a convenience, is nevertheless thought to be unessential.

Ordinarily anticipation should not be found in prior devices, unless they are of such a character as to clearly point out a suggestion of later improvement. The improvement in question belonged to that class—that is, it was suggested by the showing of the prior art, by the uses to which other loops have been put in connection with wearing apparel—and therefore it was not a patentable discovery.

The bill is dismissed, with costs.